**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARIN JONES, | No. 13-15177 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-02769-RCB |
| v. | |
| CORRECTIONS CORPORATION OF AMERICA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Robert C. Broomfield, District Judge, Presiding

Submitted April 22, 2015[**]

Before:     GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

Alaska state prisoner Darin Jones appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging various constitutional

violations by Corrections Corporation of America ("CCA"). We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Jones's failure to protect claims because, even assuming that a constitutional deprivation occurred, Jones failed to raise a genuine dispute of material fact as to whether any constitutional deprivation resulted from an official policy, practice, or custom of CCA. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978) (explaining that an entity acting under color of state law may be sued only where the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers, or if the deprivations are pursuant to governmental custom); *see also Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) ("[W]e see no basis in the reasoning underlying *Monell* to distinguish between municipalities and private entities acting under color of state law.").

We do not consider Jones's argument regarding amendment of his complaint because he raised this argument for the first time on appeal. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (holding that a new issue raised on appeal was waived by counseled plaintiff's failure to raise it before the district court).

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**